UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| BYRON JAMES, | : | CASE NO. 1:17-CV-2095 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 17] |
| ED SHELDON, Warden | : | |
| Respondent. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 2, 2015, an Ohio jury found Petitioner Byron James guilty of aggravated murder, assault, and firearms charges. With this case, he petitions for a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his conviction and sentence.[1] Respondent Sheldon opposes the petition.[2] After a referral, the assigned magistrate judge recommends denying the petition,[3] and James objects.[4]

For the following reasons, the Court will SUSTAIN Petitioner's objection as to Ground Four, DECLINE TO ADOPT the report and recommendation, and STAY this action pending exhaustion of Ground Four.

## I. Petitioner's Objection

In his objections, James argues that the magistrate judge improperly found that James had procedurally defaulted Ground Four[5] of his habeas petition.[6] Petitioner first

---

[1] Doc. 1.
[2] Doc. 6.
[3] Doc. 14.
[4] Doc. 17.
[5] In Ground Four, Petitioner claims that his trial counsel was ineffective for failing to research or call alibi witnesses. Doc. No. 1-3 at 9.
[6] Doc. 17-1 at 3-4.

17-cv-2095
Gwin, J.

raised Ground Four in an October 14, 2015 state-court post-conviction relief petition.[7] More than three years have passed, and the state court has not ruled on James's petition.[8] Because of the post-conviction state court's failing to rule on Ground Four, the magistrate judge concluded that the Ground Four claim was procedurally defaulted   The magistrate judge presumed that the state court had implicitly denied the petition on *res judicata* grounds.[9]  Having failed to appeal from this presumed denial, the magistrate judge found that James procedurally defaulted the claim.

This conclusion is incorrect.  Though Ohio courts generally consider a motion to be implicitly denied when a court fails to rule on it at trial,[10] this presumption applies "to outstanding motions in criminal cases at the time a judgment of conviction is entered."[11] Here, James made the claim in a post-conviction relief petition.  The denial presumption does not apply.

Therefore, the Court declines to presume that the state court implicitly denied James's 2015 state-court post-conviction relief petition and concludes that Petitioner's Ground Four is unexhausted rather than procedurally defaulted.

## II.     Petitioner's Request to Stay Habeas Action

Because the petition contains exhausted and unexhausted claims, Petitioner argues that this case should be stayed and held in abeyance pending the exhaustion of the state court proceedings.[12] Petitioner says that Ground Four is unexhausted through no fault of

---

[7] Doc. 6-1 at 208-11.
[8] Doc. 14 at 19 n.6.
[9] *Id.*
[10] *Georgeoff v. O'Brien*, 663 N.E.2d 1348, 1352 (Ohio 1995).
[11] *State v. Olah*, 767 N.E.2d 755, 760 (Ohio Ct. App. 2001) (emphasis added).
[12] Doc. 17-1; *see also* Doc. 7.  Respondent opposes a stay, arguing that Ground Four is "barred by Ohio's doctrine of *res judicata*" because James did not raise the argument on direct appeal.  Doc. No. 9 at 1.

-2-

17-cv-2095
Gwin, J.

his own and that he could file a mandamus action to compel the state court to rule on his post-conviction relief petition.[13]

The U.S. Supreme Court recommends that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims."[14] Because federal district courts must give state courts a fair opportunity to correct constitutional violations prior to federal review of a state criminal conviction, the Sixth Circuit has explained that "[a] federal court may not grant habeas relief unless the petitioner has exhausted the remedies available in state courts or there are no available state corrective processes."[15]

Federal district courts have "discretion to stay a mixed petition (i.e., one that includes both exhausted and unexhausted claims) to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition."[16] In federal habeas cases where certain claims have not been exhausted in state court, the Supreme Court has held:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition . . . . In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.[17]

---

[13] Doc. 17-1 at 4.
[14] *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)).
[15] *Ambrose v. Romanowski*, 621 F. Appx. 808, 812 (6th Cir. 2015) (citing 28 U.S.C. § 2254(b)(1)).
[16] *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006) (citing *Rhines*, 544 U.S. at 278-79).
[17] *Rhines*, 544 U.S. at 278.

17-cv-2095
Gwin, J.

In this case, the Court finds that the Petitioner has cause for his failure to exhaust his claims in state court and does not appear to have engaged in abusive litigation tactics. It is not Petitioner's fault that the state trial court has not adjudicated his petition. To the contrary, the record shows that he has been diligent in attempting to exhaust his state court claims. When James had not heard from state trial court for over two years, he filed a "Motion for Verification of Post Conviction Filing," requesting confirmation from the state trial court that it received his post-conviction filing.[18]

Further, the Court concludes that the Petitioner's unexhausted ineffective assistance claim is "potentially meritorious.[19] In Ground Four of his Petition, James argues that his trial counsel was ineffective due to his failure to call an alibi witness.[20] This is a recognized ground for an ineffective assistance claim.[21] While the Respondent argues that Petitioner's claim is plainly meritless because it is barred by *res judicata*, this issue is for the Ohio courts to first decide.[22]

---

[18] Doc. 10 at 6 (citing Cuyahoga County Case No. CR-12-566251-A Docket Entry dated December 4, 2017).
[19] *Rhines*, 544 U.S. at 277; *see also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009) (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,' " so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court." (citation and footnotes omitted)).
[20] Doc. No. 1-3 at 9.
[21] *Matthews v. Abramajtys*, 319 F.3d 780, 789 (6th Cir. 2003) (finding ineffective assistance when defense attorney "did nothing to present potential alibi witnesses").
[22] *Wagner,* 581 F.3d at 419 (holding that the determination of whether a petitioner can satisfy a state procedural rule "is for the state court to make"); *Godbolt v. Russell,* 82 F. Appx. 447, 450 (6th Cir. 2003) (holding that even though it was unlikely that petitioner met the requirements for a second post-conviction petition in Ohio, "it is for the state courts to interpret and enforce their laws on such issues").

17-cv-2095
Gwin, J.

### III. Conclusion

The Court therefore concludes that Petitioner James's interest in obtaining a full and fair federal review of his habeas claims in this case outweighs the state's competing interests in the final and efficient resolution of this proceeding.

For the reasons stated above, this Court **SUSTAINS** Petitioner's objection as to Ground Four and **DECLINES TO ADOPT** the magistrate judge's report and recommendations. The Court **GRANTS** the Petitioner's request to hold this federal habeas proceeding in abeyance until the state court proceedings have been fully exhausted. The Court **ORDERS** James and the Respondent to file a joint motion with the state trial court requesting the state court rule on the remaining claim. Immediately upon the exhaustion of his state court remedies, the Petitioner and Respondent are ordered to notify this Court so that it may lift the stay and proceed with this habeas action.

IT IS SO ORDERED.

Dated: September 19, 2019       *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

-5-