UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
BYRON JAMES,                    :    CASE NO. 1:17-CV-2095
                                :
    Petitioner,                 :
                                :
vs.                             :    OPINION & ORDER
                                :    [Resolving Doc. 1]
ED SHELDON, Warden              :
                                :
    Respondent.                 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 2, 2015, an Ohio jury found Petitioner Byron James guilty of aggravated murder, assault, and firearms charges.[1] He now petitions for a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his conviction and sentence.[2] Respondent Sheldon filed a return of writ;[3] James filed a traverse.[4] Magistrate Judge Jonathan Greenberg recommended denying the petition,[5] and James objected.[6]

On September 19, 2019, the Court first considered Magistrate Judge Greenberg's Report and Recommendation ("R&R").[7] The Court concluded that James's petition contained both exhausted and unexhausted claims.[8] Accordingly, the Court stayed the case pending complete exhaustion of Petitioner's state-court remedies.[9]

---

[1] Doc. 6-1 at 42.
[2] Doc. 1.
[3] Doc. 6.
[4] Doc. 13.
[5] Doc. 14.
[6] Doc. 17.
[7] Doc. 18.
[8] *Id.*
[9] *Id.*

17-cv-2095
Gwin, J.

On November 6, 2019, an Ohio trial court denied his outstanding post-conviction relief petition.[10] On December 13, 2019, James filed a motion for a delayed appeal from the trial court's ruling to an Ohio appellate court.[11] On December 19, 2019, the Ohio appellate court dismissed James's motion, stating a "delayed appeal does not apply to civil proceedings."[12] Petitioner has exhausted his state-court remedies. Therefore, the Court therefore **LIFTS** its stay.

For the following reasons, the Court **ADOPTS** the R&R's reasoning in part and conclusions in full. The Court **DISMISSES** James's petition with prejudice.

## I. Background

On October 12, 2012, a Cuyahoga County Grand Jury indicted[13] Petitioner on one count of aggravated murder,[14] one count of murder,[15] two counts of felonious assault,[16] one count of discharge of a firearm on or near prohibited premises,[17] and one count of improperly discharging into habitation.[18]

The case went to trial. The state presented eyewitness evidence that on August 17, 2012, Petitioner James approached a group of people on East 136th Street in Cleveland.[19] Petitioner drew a gun and shot at Darius Lewis.[20] Lewis fled, and James chased him around

---

[10] Doc. 23.
[11] Doc. 24.
[12] *Id.*
[13] Doc. 6-1 at 4-8.
[14] O.R.C. § 2903.01(A).
[15] O.R.C. § 2903.02(B).
[16] O.R.C. § 2903.11(A)(1) & (A)(2).
[17] O.R.C. § 2923.162(A)(3) (providing that no person shall "[d]ischarge a firearm upon or over a public road or highway").
[18] O.R.C. § 2923.161(A)(1).
[19] *See* Doc. 6-1 at 107, 113-14.
[20] *See id.*

-2-

17-cv-2095
Gwin, J.

the neighborhood while shooting.[21] One of these shots struck Lewis in the back, killing him.[22]

The jury found James guilty on all counts.[23] James appealed,[24] and the Eighth District Court of Appeals affirmed his conviction.[25] Nonetheless, the appeals court vacated James's sentence because the trial judge mistakenly concluded that three of James's firearm specifications had to run consecutively, rather than only two.[26] James appealed,[27] and the Ohio Supreme Court declined jurisdiction.[28] The trial court subsequently resentenced James.[29]

James then brought this habeas petition under 28 U.S.C. § 2254, seeking to vacate his conviction and sentence.[30] He raised four grounds:

1. Petitioner received ineffective assistance of trial counsel when [counsel] failed to seek a dismissal of the indictment on speedy trial grounds; failed to object when state improperly bolstered the credibility of its witnesses; and failed to request merger of the firearm specifications.
2. The trial court erred when it sentenced Petitioner to consecutive sentences when the convictions for Count 5 and 6 are allied offenses of similar import with Counts 1 through 4 in violation of the . . . Double Jeopardy Clause of the United States Constitution.
3. The trial court erred in ordering consecutive sentences when it is required to comply with R.C. 2929.14(c)(4) and make the findings under statute before ordering consecutive sentences.
4. Petitioner was deprived of his Sixth Amendment right to effective counsel at trial when counsel failed to call a witness [or] prove an alibi.[31]

---

[21] Doc. 6-1 at 113.
[22] *Id.*
[23] Doc. 6-1 at 42.
[24] *Id.* at 45.
[25] *State v. James*, 53 N.E.3d 770 (Ohio Ct. App. 2015).
[26] The appeals court concluded that the trial court was only required to run the first two of these specifications consecutively, and had discretion as to the third.
[27] Doc. 6-1 at 160.
[28] *Id.* at 207.
[29] *Id.* at 219.
[30] Doc. 1.
[31] Doc. 1-3 at 4–9.

17-cv-2095
Gwin, J.

On March 1, 2019, Magistrate Judge Greenberg issued a R&R recommending that the Court deny James's petition.[32] On April 23, 2019, Petitioner objected to the R&R.[33]

On September 19, 2019, the Court first considered the R&R and sustained one of Petitioner's objections.[34] The Court concluded that Petitioner's Ground Four was unexhausted.[35] Because the petition contained both exhausted and unexhausted claims, the Court stayed the case and ordered Petitioner to file a motion with the state trial court requesting a ruling on his undecided, post-conviction relief petition.[36]

The Court did not rule on the other R&R findings and recommendations at that time.

On November 6, 2019, the state court denied James's post-conviction relief petition under the res judicata doctrine.[37] On December 19, 2019, the state appellate court dismissed James's motion for a delayed appeal.[38]

## II. Discussion

The March 1, 2019 R&R is once again before the Court.[39] The Court reviews the objected-to R&R portions *de novo*.[40]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may not grant habeas relief on any claim adjudicated on the merits in state court unless the state-court ruling "resulted in a decision that was contrary to, or involved an unreasonable

---

[32] Doc. 14.
[33] Doc. 17-1.
[34] Doc. 18.
[35] *Id.*
[36] Doc. 18; Doc. 20.
[37] Doc. 23-1.
[38] Doc. 24-1.
[39] Doc. 14.
[40] 28 U.S.C. § 636(b)(1)(c).

-4-

17-cv-2095
Gwin, J.

application of, clearly established Federal law, as determined by the Supreme Court of the United States."[41]

Federal courts will not consider the merits of procedurally defaulted claims on habeas review.[42] A petitioner defaults a claim when they fail to raise and pursue the claim on direct appeal, or when they fail to comply with a state procedural rule that bars consideration of the claim on the merits.[43] A petitioner can overcome this default if they show "cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[44]

### A. First Objection

Petitioner's first objection contests Judge Greenberg's conclusion that James procedurally defaulted Ground Two of his habeas petition.[45] In Ground Two, James argues that the trial court erred when it sentenced Petitioner because certain of the indictment's counts should have merged.[46]

At sentencing, James's trial counsel agreed with the trial judge and prosecution that the relevant counts did not merge for sentencing.[47] On direct appeal, the state appellate court concluded that Petitioner was barred from challenging the trial court's merger decision

---

[41] 28 U.S.C. § 2254(d)(1).
[42] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) ("[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review of the claims is barred." (emphasis omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)).
[43] *Id.*
[44] *Id.*
[45] Doc. 17-1 at 2-3.
[46] Doc. 1-3 at 7.
[47] Doc. 6-5 at 195.

-5-

17-cv-2095
Gwin, J.

under the doctrine of invited error.[48] Invited error is an Ohio state-court procedural doctrine barring a party from contesting on appeal a legal error that it invited the trial court to make.[49]

In the R&R, Magistrate Judge Greenberg concluded that Ground Two was procedurally defaulted because the invited error doctrine barred Petitioner from obtaining relief for the invited error.[50] Magistrate Judge Greenberg recognized that this procedural default could be excused if Petitioner showed "cause" for the default—such as ineffective assistance of counsel.[51] However, he concluded that trial counsel's alleged ineffectiveness did not constitute "cause" to excuse this procedural default.[52]

Petitioner takes issue with this latter conclusion—that his trial counsel's ineffectiveness did not constitute cause.[53] He observes that "the state court of appeals admitted there was no logical trial strategy" that his counsel could have had to state at sentencing that certain of the indictment's counts did not merge.[54] Aside from identifying his trial counsel's error, Petitioner does not explain how the error fell below *Strickland*'s objective standard of reasonableness.

The Court agrees with the Magistrate Judge and overrules Petitioner's first objection. As the R&R noted, the prosecution, trial court, and trial counsel all agreed that the relevant counts did not merge for sentencing.[55] The merger issue, discussed at length in the state appellate court's opinion, was a complicated legal and factual question.[56] Even assuming

---

[48] Doc. 14 at 13-14.
[49] *See, e.g.*, *State v. Campbell*, 738 N.E.2d 1178, 1188 (Ohio 2000).
[50] *See* Doc. 14 at 13-14.
[51] Doc. 14 at 16 (citing *Coleman*, 501 U.S. at 754, and *Lundgren*, 440 F.3d at 763).
[52] *Id.* at 15.
[53] Doc. 17-1 at 2.
[54] *Id.*
[55] Doc. 14 at 17.
[56] *James,* 53 N.E.3d at 781.

-6-

17-cv-2095
Gwin, J.

the issue was wrongly decided, considering the wide range of attorney performance considered to be objectively reasonable, Petitioner's trial counsel's action does not fall below standards set forth in *Strickland v. Washington*, 466 US 668, 687 (1984).

There is no "cause" to excuse Petitioner's procedural default of Ground Two, and Petitioner's first objections is therefore overruled.

### B. Second Objection

James also objects to Magistrate Judge Greenberg's conclusion that Petitioner procedurally defaulted Ground Four.[57] In Ground Four, James claimed that his trial counsel was ineffective for failing to call alibi witnesses.[58]

#### 1. Ground Four Is Now Exhausted.

Petitioner first raised Ground Four in an October 14, 2015 state-court post-conviction relief petition.[59] At the R&R's issuance, more than three years had passed, and the state court had not ruled on James's petition.[60] Accordingly, Magistrate Judge Greenberg presumed that the state court had implicitly denied the petition on res judicata grounds.[61] Since res judicata is an adequate and independent state ground, Magistrate Judge Greenberg concluded that Ground Four was procedurally defaulted.[62]

On September 19, 2019, the Court first considered the R&R and sustained Petitioner's objection as to Ground 4.[63] The Court reasoned:

> Though Ohio courts generally consider a motion to be implicitly denied when a court fails to rule on it at trial, this presumption applies "to outstanding

---

[57] Doc. 17-1 at 3.
[58] Doc. 1-3 at 9.
[59] Doc. 6-1 at 208-11.
[60] Doc. 14 at 19 n.6.
[61] *Id.*
[62] *Id.* at 20.
[63] Doc. 18.

-7-

17-cv-2095
Gwin, J.

> motions in criminal cases at the time a judgment of conviction is entered." Here, James made the claim in a post-conviction relief petition. The denial presumption does not apply. Therefore, the Court declines to presume that the state court implicitly denied James's 2015 state-court post-conviction relief petition and concludes that Petitioner's Ground Four is unexhausted rather than procedurally defaulted.[64]

The Court stayed the case and ordered Petitioner to file a motion with the state trial court requesting a ruling on his undecided, post-conviction relief petition.[65]

On November 6, 2019, the state court denied his post-conviction relief petition.[66] The court observed that James had raised the issue of ineffective assistance of counsel on direct appeal, and his convictions were affirmed.[67] He did not reference his counsel's failure to call alibi witnesses in this direct appeal. Because James could have raised this basis on direct appeal, the court concluded that he could not raise it in his post-conviction relief petition due to the doctrine of res judicata.

### 2. Ground Four Is Procedurally Defaulted.

If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when: (1) the petitioner failed to comply with the rule; (2) the state actually enforced the rule against the petitioner;

---

[64] Doc. 18 at 2.
[65] Doc. 18; Doc. 20. The Court also instructed Petitioner "to attempt to file the motion jointly with the Cuyahoga County Prosecuting Attorney's Office." Doc. 20 at 2. Petitioner reports that he wrote to the prosecutors, as instructed, and suggested that they file a joint motion. Doc. 22. Petitioner reports that the prosecutors disregarded his request and independently moved for a ruling on James's petition—along with submission of a proposed order denying the petition. *Id.* The state court seems to have adopted this proposed order. *See* Doc. 23. Petitioner objects to the prosecutors' actions as "improper and unfair," and asks the Court to order the state court to hold a hearing on his petition in another county. *Id.* However, the Court has no authority to order the state court to hold a hearing on this matter, and the Court has no jurisdiction over the state prosecutors in this case.
[66] Doc. 23-1.
[67] *Id.*

-8-

17-cv-2095
Gwin, J.

and (3) the rule is an "adequate and independent" state ground foreclosing review of a federal constitutional claim.[68]

The State of Ohio has a procedural rule with which James did not comply. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant . . . from raising and litigating in any proceeding, *except an appeal from that judgment*, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial . . . or on an appeal."[69] The Sixth Circuit has concluded that "the Ohio courts' rule denying review of the merits in post-conviction proceedings when a petitioner could have, but failed, to raise a claim on direct appeal, to constitute 'adequate and independent' state grounds foreclosing review in subsequent federal habeas proceedings."[70] Because the state actually enforced this procedural rule against James and that rule presents an adequate and independent state ground for foreclosing federal habeas review, the grounds for relief asserted in this Petition have been procedurally defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[71]

---

[68] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); see *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011).
[69] *State v. Solnick*, 2014-Ohio-2535, ¶ 22 (Ohio Ct. App. 2014) (emphasis added).
[70] *Lundgren*, 440 F.3d 765.
[71] *Coleman*, 501 U.S. at 750.

-9-


17-cv-2095
Gwin, J.

James offers no explanation for his failure to raise his alibi-witness claim in his direct appeal. He does not suggest that any factor external to the defense precluded him from doing so.[72] He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.[73] James has not provided any new and reliable evidence to establish actual innocence.

Accordingly, the Court concludes that Petitioner's Ground Four is procedurally defaulted.

### C. Third Objection

Petitioner's third objection regards his claim—raised in Ground Two—that his trial counsel was ineffective for failing to seek dismissal of his case on speedy trial grounds.[74]

The Ohio appeals court rejected this claim on appeal, finding that James's prosecution did not violate the Ohio speedy trial act.[75] The state court's resolution of this Ohio-law issue is binding.[76] Given that Petitioner's trial did not violate his state speedy trial act rights, the Court could hardly find his trial counsel ineffective for failing to argue that it did. Therefore, the state appellate court's conclusion that James's counsel was not ineffective for failing to press it at trial is not unreasonable or contrary to law.

---

[72] "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986).
[73] *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96).
[74] Doc. 17-1 at 5.
[75] *James*, 53 N.E.3d at 775.
[76] *See Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).

-10-

17-cv-2095
Gwin, J.

In his objection, James contends that his counsel was also ineffective for failing to raise his *federal* constitutional speedy-trial rights.[77] This claim is procedurally defaulted, because he failed to raise his federal speedy-trial rights on direct appeal or in his habeas petition. James says that he should not have been required to specifically invoke his federal speedy-trial rights on appeal, but this is not a case where petitioner made a broad invocation of his rights. Rather, his direct appeal and habeas petition both specifically invoked his state speedy-trial rights, not his federal rights.[78] James does not offer any argument that would excuse this default.

Therefore, this third objection is overruled.

### D. Fourth Objection

Petitioner objects to Judge Greenberg's analysis of his claim—also raised in Ground Two—that his trial counsel was ineffective for failing to object to the State's improper witness bolstering.[79]

This objection fails for the same reason his speedy-trial-ineffectiveness claim does. On direct appeal, James argued that the alleged bolstering violated Ohio Evidence Rules.[80] The appeals court held that James's trial counsel was not ineffective for failing to object because "[n]one of the questions posed by the state touched on [Ohio Evidence Rule 608] and the witness's character for truthfulness," and that the questions did not constitute

---

[77] Doc. 17-1 at 5.
[78] *See* Doc. 6-1 at 66 (arguing that "[u]nder [O.]R.C. 2945.71(C)(2), a defendant facing felony charges must be brought to trial within 270 days, and under [O.]R.C. 2945.71(E), when a defendant is held on the charge, he is entitled to a 'triple-count' provision, with each day counted as three days for speedy trial analysis."). Similarly, Petitioner's habeas petition only references his state speedy-trial rights. *See* Doc. 1-3 at 4-5.
[79] Doc. 17-1 at 6.
[80] *James,* 53 N.E.3d at 775-76.

-11-

17-cv-2095
Gwin, J.

improper bolstering.[81] The Court is bound by the state court's resolution of this Ohio-law evidentiary issue,[82] and thus finds that its conclusion that his counsel was not ineffective for failing to object to the State's alleged witness bolstering is not unreasonable or contrary to federal law.

### E. Final Objections

Petitioner objects to his trial counsel's failure to object to "numerous improper questions" and the Magistrate Judge's purported failure to consider his trial counsel's alleged cumulative errors.[83]

Petitioner did not state these claims in his petition, and they are therefore waived.

### III.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the conclusions of Magistrate Judge Greenberg's Report and Recommendation and **DISMISSES** the petition with prejudice. The Court certifies that no basis exists upon which to issue a certificate of appealability.[84]

IT IS SO ORDERED.

Dated: February 5, 2021         *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[81] *James*, 53 N.E.3d at 775.
[82] *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983).
[83] Doc. 17-1 at 6-9.
[84] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).